**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

MARIETTA C. COATS and
CATHERINE R. PEPERAS,

      Plaintiffs,

v.                                            No. Civ. 09-1200 LH/RHS

J.D.B. OF NEW MEXICO, INC.,
RUSSEL BOUCK and
DAVID BROTHERTON,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Marietta C. Coats and Catherine R. Peperas' Motion to Remand and Memorandum in Support Thereof (Doc. 10). The Court, having considered the motion, pleadings, briefs, applicable law, and otherwise being fully advised, concludes that the motion to remand should be granted.

**I.  BACKGROUND**

On June 2, 2009, Plaintiff Marietta Coats filed suit in federal court against Tillery Chevrolet GMC, Inc. *See Coats v. Tillery Chevrolet GMC, Inc.*, No. Civ. 09-541 JH/WPL. She subsequently amended the complaint to add J.D.B. of New Mexico, Inc. ("JDB") as a defendant and to dismiss Tillery Chevrolet GMC, Inc., as a defendant. *See id.*, First Am. Compl (Doc. 22). Ms. Coats alleges in her complaint that she was discriminated on the basis of her race throughout the time she was employed with JDB, from July 2005 to February 29, 2008. *See id.* ¶¶ 8-11. She also alleges sexual harassment, gender discrimination, and retaliation. *See id.* ¶¶ 19-29. In Count I, she expressly alleges a claim for "Sexual Harassment/Hostile Work Environment" as "defined by courts

construing Title VII, 42 U.S.C. Sec. 2000e et seq." *Id.* ¶ 34.  In Count II, Ms. Coats asserts a "Sexual Harassment/Retaliation" claim in which she does not cite a particular state or federal statute, although she incorporated all her previous facts and allegations. *See id.* ¶¶ 35-40.  Ms. Coats alleges a "Racial Discrimination" claim in Count III, again invoking "Title VII, 42 U.S.C. Sec. 2000e et seq. and other applicable federal laws and regulations." *See id.* ¶ 45.  Finally, Ms. Coats asserts in Count IV a claim for "Negligent Hiring, Supervision, and Retention" for breaching its duties to conduct a reasonable inquiry prior to hiring its employees, to adequately supervise those employees, and for failing to inquire into complaints lodged against its employees and retaining them even after questions had arisen. *Id.* ¶¶ 48-50.  For ease of reference, the Court will refer to the *Coats v. Tillery Chevrolet GMC, Inc.*, No. Civ. 09-541 JH/WPL, case as "the First Federal Case."

On November 16, 2009, Ms. Coats together with Catherine Peperas filed suit in the Second Judicial District Court, County of Bernalillo, State of New Mexico, against JDB and its employees, Russel Bouck and David Brotherton. (*See* Notice of Removal (Doc. 1-3).)  Ms. Coats and Ms. Peperas both allege claims for "Sexual Harassment/Hostile Work Environment" (Count I), "Negligent Hiring, Supervision, and Retention" (Count III), "Intentional Infliction of Emotional Distress" (Count IV), "Assault and Battery" (Count V), "Civil Conspiracy" (Count VI), "Retaliation" (Count VII), and "Prima Face Tort" (Count VIII).  Ms. Coats also asserts a claim of "Racial Discrimination" (Count II). (*Id.*)  Ms. Coats alleges virtually the same misconduct as in the First Federal Case – the alleged misconduct occurs during virtually the same time period and is based on the same underlying facts.  The complaint adds Ms. Peperas' claims, which are based on her employment with JDB from April 16, 2002, to August 15, 2008. (*Id.* ¶ 5.)  Ms. Peperas makes the same sexual harassment and gender discrimination claims as Ms. Coats.  Nowhere in the complaint did Plaintiffs cite or reference any federal constitutional or statutory law.  On December

2

23, 2009, Defendant JDB removed the case on the basis of federal question jurisdiction. The Court will refer to this case as "the Removed State Case."

Plaintiffs have moved to remand the Removed State Case, arguing that, under the well-pleaded complaint rule, they have not alleged any federal claims nor invoked or cited to any federal constitutional or statutory provisions in their complaint. Plaintiffs assert that their complaint arises under New Mexico state law, and thus, federal question jurisdiction is absent. Defendant JDB contends, however, that Plaintiff Coats has engaged in impermissible claim splitting and that the Removed Federal Case should be consolidated with the First Federal Case in an effort to preserve judicial economy and prevent prejudice to JDB.

## II. STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III. ANALYSIS

### A. Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court of which the federal courts have original jurisdiction. Section 1331 provides the basis for federal-question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine the

presence or absence of federal-question jurisdiction, courts must look to the plaintiff's well-pleaded complaint to determine the plaintiff's statement of her own claim. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002); *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Under the "well-pleaded complaint" rule, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Caterpillar Inc.*, 482 U.S. at 392). "Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)). A defense based on federal law is not a proper basis for removal; however, removal is permitted when the plaintiff's right to relief requires resolution of a substantial question of federal law. *Id.*

Plaintiffs' complaint in the Removed State Case contains no reference to any federal law or federal constitutional provision. It does, however, assert claims for sexual harassment, hostile work environment, and racial discrimination that could fall under Title VII, a federal statute. Plaintiffs also failed to specifically allege that these claims are made under the New Mexico Human Rights Act, which would have made it more clear that they were alleging only state law claims. Plaintiffs, however, have expressly affirmed that their claims are based solely on state law. Given that Plaintiffs have expressly limited their claims to those based on state law and the complaint refers

to no federal law, the well-pleaded complaint rule forecloses jurisdiction.[1]

Defendant JDB nevertheless contends that "the state Complaint is artfully pleaded to exclude those federal claims listed in the Federal Amended Complaint in an effort to split the claims and require Defendant to go to the extraordinary and unnecessary expense of defending against both suits for the same factual allegations." (Def.'s Resp. (Doc. 11) at 3.) Defendant argues that removal is appropriate to avoid claim splitting. The rule against claim splitting prohibits a plaintiff from litigating its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. *See Martin v. Brodrick*, 177 F.2d 886, 887 (10th Cir. 1949); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F.Supp.2d 215, 223 (E.D.N.Y. 2006). "However, claim splitting does not apply to parallel state and federal actions." *Steinberg*, 418 F.Supp.2d at 223. As between state and federal courts, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). *See also Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 736 (9th Cir. 1988) ("Rutledge chose to file parallel state and federal court actions simultaneously. There was concurrent jurisdiction and it was permissible for him to do so.") The rule against claim splitting thus does not provide an exception to the well-pleaded complaint rule. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 369-70 (5th Cir. 1995); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1370 (9th Cir. 1987) (remanding securities action based only on state law, despite pending parallel federal securities case in federal court), *abrogated on other grounds by Rivet v.*

---

[1]Should Plaintiffs in the future move to amend their complaint to raise a federal cause of action, then Defendant could properly remove the case to federal court at that time. *See Martinez v. State of New Mexico Dep't of Corr.*, No. CV 01-1317 LFG/JHG, Mem. Op. and Order (Doc. 25) at 6 (D.N.M. Aug. 29, 2002) (unpublished opinion).

*Regions Bank of Louisiana*, 522 U.S. 470, 478 (1998).

The *Carpenter* case is instructive. There, the plaintiff filed suit in state court for breach of contract and violation of her right to free speech under the Texas constitution simultaneously with a federal suit for violation of the First Amendment. *Id.* at 365. The school district removed the state case to federal court on the basis of federal-question jurisdiction, and the district court refused to remand, instead consolidating the case with the pending federal suit. *Id.* The Fifth Circuit reversed. *Id.* The Fifth Circuit rejected the argument that, because a plaintiff could have joined his state-law claim with his parallel claim in federal court, the state action acquires a federal character sufficient to support removal. *Id.* at 369. The Fifth Circuit explained, "Just as a federal court may not enjoin a state action for the same cause simply because it is proceeding concurrently, *see* 28 U.S.C. § 2283, likewise a federal court may not take it on removal." *Id.* at 369-70.

The pertinent facts in *Carpenter* are indistinguishable from those in this case, and this Court finds the Fifth Circuit's reasoning persuasive. Accordingly, because this Court does not have original jurisdiction over this case under the well-pleaded complaint rule, the Court cannot remove this case and consolidate it with the First Federal Case.

Alternatively, Defendant argues that filing a consent to proceed before a magistrate judge constitutes waiver of their right to remand. A court that lacks subject matter jurisdiction, however, cannot maintain the case, regardless of whether the parties consent to the court's jurisdiction. *See Union Pacific R. Co. v. U.S. ex rel. U.S. Army Corps of Engineers*, 591 F.3d 1311, 1314 n.1 (10th Cir. 2010) ("The conduct of the parties cannot confer subject-matter jurisdiction where it is lacking, either as a matter of consent or estoppel."); *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986) ("Although parties can consent to personal jurisdiction, it is well settled that they cannot consent to subject matter jurisdiction. Indeed, the courts must raise a lack of subject matter

6

jurisdiction even if the parties have not.") (internal citations omitted.). Because this Court has determined that it does not have subject matter jurisdiction over this case, this Court must remand the case to state court, regardless of whether Plaintiff waived their right to remand.[2]

### B.     Attorney Fees

In their motion to remand, Plaintiffs also request fees and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Although the gender and racial discrimination claims did not cite a federal statute, they also did not cite a state statute, so it was unclear whether Plaintiffs were intending to assert federal discrimination claims. The Court thus finds that Defendant had an objectively reasonable basis for removal. The Court will therefore not award Plaintiffs attorney fees under § 1447(c).

---

[2] Although this Court is without power to maintain this suit and consolidate it with the First Federal Case, Defendant is not bereft of remedies to prevent prejudice and promote judicial economy. Common remedies available to courts faced with a duplicative suit are to stay the suit, dismiss it, or enjoin the parties from proceeding with it. *See Colorado River*, 424 U.S. at 817 (holding that in "exceptional" circumstances federal district court may stay or dismiss case solely because of pendency of similar litigation in state court, given fundamental principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"); *Carpenter*, 44 F.3d at 371-72 (noting that to mitigate inefficiencies federal court may dismiss proceedings because of pending state action; state court may abate its own proceedings; courts may coordinate discovery; and, if one suit comes to judgment, other may be barred by res judicata); *Rutledge*, 859 F.2d at 736 (noting that it is common when plaintiff files parallel state and federal cases for one forum to stay proceedings pending outcome in other forum).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand and Memorandum in Support Thereof (**Doc. 10**) is **GRANTED in part and DENIED in part** as follows:

1. Plaintiffs' request to remand this case is **GRANTED**;

2. Plaintiffs' request for attorney fees is **DENIED**; and

3. This action is hereby **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE